IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Jeffrie McKinzie,            )
    Plaintiff,           )
Vs.                          ) No. 1:00-cv-02159
Kenneth Kyler, et al.,       )
    Defendants,          )

Motion for Appointment of Counsel

And now comes the plaintiff, Jeffrie McKinzie, Pro-se, and files this Motion for Appointment of Counsel pursuant to §1915, and respectfully requests that this Court appoint counsel in this matter for the following reasons:

1) The plaintiff is unable to afford private counsel.

2) The issues involved in this complaint are complex.

3) This case will require expert testimony.

4) This case will require a great deal of investigation.

5) The plaintiff has limited knowledge of the law, and limited access to a law library.

6) Plaintiff needs counsel to litigate this suit due to his incarceration.

-1-

WHEREFORE, based on the motion, the affidavit in support of this motion, and the memorandum of law attached hereto, the plaintiff respectfully requests and forever prays that this Honorable Court will grant his motion and appoint counsel to represent him in this matter.

Respectfully Submitted,

By *[signature]*

Jeffrie McKinzie, Pro-se

ID # DN-6325

SCI-Waynesburg

375 Prison Road

Waynesburg, PA  15370-9941

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrie McKinzie, | ) |
| Plaintiff, | ) |
| Vs. | ) No. 1:00-cv-02159 |
| Kenneth Kyler, et al., | ) |
| Defendants, | ) |

Affidavit in Support of the

Plaintiff's Motion for Appointment of Counsel

I, Jeffrie McKinzie, acting Pro-se, and the plaintiff in the above captioned matter, who represents the following:

1) I am the plaintiff in the above captioned action, and I make this affidavit to support the motion for appointment of counsel attached hereto.

2) The complaint in this action alleges that the plaintiff was delayed surgery for a serious medical need, a hernia, and was subjected to continued pain and suffering in violation of the Eighth Amendment.

3) This is a complex case because it requires expert medical testimony in regards to hernia's and the proper treatment.

-3-

4) This case will require discovery of documents and numerous depositions of a number of witnesses.

5) The testimony will be in sharp conflict.

6) The plaintiff has only a high school education and has very little legal education.

7) The plaintiff has written letters to several attorney's about this case, but has not heard from any of them.

8) The plaintiff is currently confined in the State Correctional Institution at Waynesburg, Pennsylvania. For this reason he has limited access to legal materials and no ability to investigate the facts of the case, for example, by locating and interviewing the defendants and witnesses, because they are all in Huntingdon, PA, and a great distance from the plaintiff. Further, he cannot interview them due to his incarceration.

9) As set forth in the memorandum of law submitted with this motion, these facts, along with the clear legal merit of the plaintiff's claims, support the appointment of counsel to represent the plaintiff in this litigation.

WHEREFORE, for the foregoing reasons, and the reasons set forth in the memorandum of law attached hereto, the plaintiff respectfully requests and forever prays that this Honorable Court will grant his motion and appoint counsel in this case.

Respectfully Submitted,

By /s/ Jeffrie S. McKinzie
Jeffrie McKinzie
ID # DN-6325
SCI-Waynesburg
375 Prison Road
Waynesburg, PA 15370-9941

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jeffrie McKinzie, | ) |
| Plaintiff, | ) |
| Vs. | ) No. 1:00-cv-02159 |
| Kenneth Kyler, et al., | ) |
| Defendant, | ) |

Memorandum of LAw in Support of the

Plaintiff's Motion for Appointment of Counsel

And now comes the plaintiff, Jeffrie McKinzie, Pro-se, and files this Memorandum of Law in Support of his Motion for Appointment of Counsel, and represents the following in support of said motion:

Statement of the Case

This is a civil rights case filed pursuant to 42 U.S.C.S. §1983 by a state prisoner and asserting a claim for monetary damages for the unconstitutional delay of medical treatment, thereby subjecting the plaintiff to pain and suffering and cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

-6-

Statement of Facts

This complaint alleges that the plaintiff was subjected to cruel and unusual punishment by all defendants. The plaintiff was denied necessary medical treatment for his serious medical needs after he was diagnosed with a left inguinal hernia. The defendants were aware of the plaintiffs continued pain and suffering, the plaintiffs anxiety that the hernia could become incarcerated or strangulated, and that proper surgery would have alleviated all of the plaintiffs problems. Standard supervisory officials did nothing to correct the denial/delay of medical treatment when it was brought to their attention.

Argument

The Court should appoint counsel for plaintiff.

In deciding whether to appoint counsel for an indigent litigant, the Court should consider the "factual complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, the ability of the indigent litigant to present his claims and the complexity of the legal issues." **Abdullah v Gunter**, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S.Ct. 1995 (1992). In addition, Courts have suggested that the most important factor is whether the case appears

to have merit. **Cooper v A. Sargenti Co. Inc.**, 877 F.2d 170, 173 (2d Cir. 1989). Each of these actors weighs in favor of appointing counsel in this case.

1. Factual Complexity

The plaintiff alleges that he was denied necessary medical treatment of his serious medical needs, by numerous individuals. The sheer number of defendants makes this a factually complex case.

In addition, the plaintiffs claims are based on the denial of medical treatment and may require expert testimony as to the proper medical treatment for hernias. The presence of medical or other issues requiring expert testimony support the appointment of counsel. **Moore v Mahus**, 976 F.2d 268, 272 (5th Cir. 1992); **Jackson v County of Mclean**, 953 F.2d 1070, 1073 (7th Cir. 1992); **Tucker v Randall**, 94 F.2d 388, 392 (7th Cir. 1991).

2. The plaintiffs ability to investigate.

The plaintiff is currently confined in the State Correctional Institution ay Waynesburg, Pennsylvania, and has no ability to investigate the facts, for example, he is unable to locate and interview some of the witnesses, and also unable to conduct depositions or other pretrial matters

because of his incarceration. Further, he has been transferred to another institution, a factor that several courts have cited in appointing counsel. **Tucker v Randall**, Supra; **Gatson v Coughlin,** 679 F.Supp. 270, 273 (W.D. N.Y. 1988); **Armstrong v Snyder,** 103 F.R.D. 96, 105 (E.D. Wis. 1984). In addition, this case will require considerable discovery concerning the plaintiffs medical records, the history of the defendants involved, the statements of the incidents, etc. See **Tucker v Dickey,** 613 F.Supp. 1124, 1133-34 (W.D. Wis. 1985)(Need for discovery supported appointment of counsel).

3. Conflicting Testimony

The plaintiffs account of his denial/delay of medical treatment will be in sharp conflict with the statements of the officials. This aspect of the case, will be a credibility contest between the defendants and the plaintiff. The existence of these credibility issues supports the plaintiffs motion for appointment of counsel. **Gatson v Coughlin,** Supra.

4. The ability of the Indigent to present his claims.

The plaintiff is an indigent prisoner with little legal training, a factor that supports the appointment of

-9-

counsel. **Whisenant v Yucm**, 739 F.2d 160, 163 (4th Cir. 1984). In Addition, he is confined with very limited access to legal materials. **Rayes v Johnson**, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law library as factor supporting appointment of counsel).

5. Legal Complexity

The large number of defendants, some of whom are supervisory officials presents complex legal issues of determining which defendants were sufficiently involved personally in the constitutional violations to be held liable. In addition, the plaintiff, because of the needs for required expert medical testimony, requires much greater legal skill than the plaintiff has or can develop. See **Abdullah v Gunter**, 949 F.2d 1032, 1036 (8th Cir. 1991).

6. Merits of the Case

The plaintiff's allegations, if proved, would clearly establish a constitutional violation. The unprovoked and injurious denial/delay of necessary medical treatment for a serious medical needs, for example, a hernia, alleged in the complaint clearly states an Eighth Amendment violation. See **Delker v Maass**, 843 F.Supp. 1390 (D. Or. 1994).

The defendants are not entitled to qualified immunity

because a reasonable public official should have known that there are circumstances in which the Eighth Amendment requires prison officials to pay for "elective" surgery to repair a hernia, and a categorical refusal to repair unincarcerated hernias violates the Eighth Amendment. **Jones v Johnson,** 781 F.2d 769 (9th Cir. 1986); **Johnson v Clinton,** 763 F.2d 326, 328 (8th Cir. 1985).

An inmate must rely on prison authorities to treat his medical needs. The government therefore has an obligation to provide medical care for those whom it is punishing by incarceration. **Estelle v Gamble,** 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). The obligation also applies to medical conditions that may result in pain and suffering which serve no legitimate penological purpose. **Estelle,** 429 U.S. @ 103, 97 S.Ct. @ 290; See Also **McGuckin,** 974 F.2d @ 1059 (delay in performing surgery resulted in needless infliction of pain); **Jones,** 781 F.2d @ 771-72 (hernia which results in pain, suffering, and the inability to perform a prison job is a serious medical need which prison doctors may not ignore)(classification of hernia as "elective surgery" did not insulate county from Eighth Amendment duty to provide proper medical care).

Deliberate indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, as is the case here, or it may be shown by the way in which prison

-11-

physicians provide medical care. **McGuckin**, 974 F.2d @ 1059 (citing **Hutchinson v United States**, 838 F.2d 390, 394 (9th Cir. 1988). Clearly then, on its face, this is a meritorious case which would require the granting of counsel in this case.

WHEREFORE, for the foregoing reasons, the Court should grant the plaintiffs motion and appoint counsel in this case.

Respectfully Submitted,

By *Jeffrie S. McKinzie*

Jeffrie McKinzie, Pro-se
ID # DN-6325
SCI-Waynesburg
375 Prison Road
Waynesburg, PA  15370-9941