FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(8)
1-9-01

DN-6325
(Inmate Number)

Jeffrie McKinzie
(Name of Plaintiff)

375 Prison Road
(Address of Plaintiff)

Waynesburg, PA  15370-9941

vs.

Kenneth Kyler, Superintendent

1100 Pike Street

Huntingdon, PA  16654-1112
(Names of Defendants)

1:00-CV-02159
(Case Number)

COMPLAINT

FILED
JAN 8 - 2001
PER _____
HARRISBURG PA    DEPUTY CLERK

TO BE FILED UNDER:  X  42 U.S.C. § 1983 - STATE OFFICIALS

___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the ca
      and case number including year, as well as the name of the judicial officer to whom
      assigned:

      _____

      _____

      _____

      _____

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      X  Yes    ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      X  Yes    ___ No

      If your answer is no, explain why not _____

      _____

   C. Is the grievance process completed?  X  Yes   ___ No

# ADDITIONAL DEFENDANTS

2) A. Scott Williamson, Deputy Superintendent
   SCI-Huntingdon
   1100 Pike Street
   Huntingdon, PA  16654-1112

3) Patricia Yarger, CHCA
   SCI-Huntingdon
   1100 Pike Street
   Huntingdon, PA  16654-1112

6) Charles Reiner, Medical Doctor
   SCI-Huntingdon
   1100 Pike Street
   Huntingdon, PA  16654-1112

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official positio[n in] the second blank, and his/her place of employment in the third blank. Use Item B for the na[mes,] positions and places of employment of any additional defendants.)

A. Defendant _____ is emplo[yed]

as _____ at _____

B. Additional defendants _____ See Attached Sheet _____

_____
_____
_____
_____

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is invol[ved,] including dates and places. Do not give any legal arguments or cite any cases or statutes. At[tach] extra sheets if necessary.)

1. _____ See Attached Sheet _____

_____
_____
_____
_____

2. _____

_____
_____
_____

3. _____

_____
_____

2

## FACTUAL ALLEGATIONS

¶1) On May 17, 1999, after being injured in the course of my prison employment, I was examined and diagnosed by Defendant Reiners as having a left inguinal hernia that was easily reducible.

¶2) An inguinal hernia is a protrusion of soft tissue, such as a portion of the intestine, through a weak spot in a muscle, usually in the abdominal wall. Inguinal hernia's occur where the abdomen meets the thigh in the groin region. Inguinal hernia's cause pain, suffering, restricted activity, inability to perform a job, and anxiety about the possibility that it may become incarcerated or strangulated, and is a "serious medical need" that requires prompt treatment to repair or it will worsen over time.

¶3) Defendant Reiners decided that surgery was not required at that point and told the plaintiff to return to sick call if the hernia became incarcerated or strangulated.

¶4) Plaintiff wrote numerous request slips to medical and was seen by the doctor on 5/20/99, 5/25/99, 12/29/99, 1/13/00, and 2/8/00, and advised the doctor of the continued pain and suffering, restricted activity, and the anxiety that the hernia could become incarcerated or strangulated, but the doctor again decided that surgery was not required and again told the plaintiff to return if the hernia became incarcerated or strangulated.

¶5) Defendant Reiners never even prescribed a truss to alleviate and lessen the plaintiffs condition.

¶6) Plaintiff wrote request slips to Defendants Yarger, Williamson, and Kyler, as well as Defendant Reiners, about the continued pain and suffering, restricted activity, inability to work, and the anxiety that the hernia could become incarcerated or strangulated, but they said that they agreed with defendant Reiners that surgery would not be done until the hernia became incarcerated or strangulated.

¶7) All defendants advised the plaintiff to return to sick call if the condition worsened or the hernia became incarcerated or strangulated.

¶8) On 2/19/00, the plaintiff filed a grievance against the staff named alleging denial and delay of needed surgery and deliberate indifference to my serious medical needs.

¶9) On 2/25/00, defendant Yarger, acting as grievance officer, issued her findings to the degree that the staff were providing adequate medical care, that they were not deliberately indifferent to my serious medical needs, and that surgery would be performed when it was deemed necessary.

¶10) All defendants were at all times relevant to this complaint aware of my continued pain and suffering, restricted activity, inability to work, and my anxiety that the hernia could become incarcerated or strangulated, yet they made the decision to deny and delay surgery even though

they were aware that surgery would have alleviated all of the plaintiffs problems. Further, they were aware that a truss could have alleviated some of the problems until surgery was needed, but they failed to prescribe a truss.

¶11) From the time of the injury until the plaintiff was transferred, no truss was prescribed nor any surgery performed to alleviate any of the plaintiffs problems.

¶12) The plaintiff was transferred from SCI-Huntingdon to SCI-Waynesburg on July 12, 2000.

¶13) The staff at SCI-Waynesburg felt that surgery was necessary and prescribed a truss until the surgery could be performed.

¶14) Surgery was eventually performed on October 17, 2000.

¶15) The surgery alleviated all of the plaintiffs problems.

¶16) Since the surgery, the plaintiff has made a full recovery and no longer suffers and pain, anxiety, restricted activity, and has since returned to work.

¶17) The defendants at all times relevant to this complaint were aware of the degree of the plaintiffs pain and suffering, his restricted activity, his inability to work, and his continued anxiety that the hernia may become incarcerated or strangulated.

¶18) The defendants at all times relevant to this complaint were aware that surgery, or even the prescription

-3-

for a truss would have alleviated the plaintiffs condition.

¶19) The defendants at all times relevant to this complaint chose not to perform surgery for the plaintiff despite the fact that they knew that this surgery was available and would have alleviated the plaintiffs condition.

¶20) Therefore, the defendants have caused the plaintiff to be subjected to cruel and unusual punishment in violation of the Eighth Amendment for their decision to deny and delay surgery until the condition worsened, despite the fact that they were aware of the continued problems of the plaintiff, and could have fixed these problems by providing surgery.

¶21) Defendants Williamson, Kyler, and Yarger were at all times relevant to this complaint, able to override the decision to deny and delay surgery.

¶22) Defendants Yarger, Kyler, and Williamson, as they were made aware of the violations, and as they were in a direct position to remedy such violations, also violated the Eighth Amendment when they failed to act and correct the decision to deny and delay surgery, thereby continuing the plaintiffs problems.

¶23) The defendants at all times relevant to the complaint were acting under color of state law.

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
SCRANTON DIVISION

| | |
|---|---|
| Jeffrie McKinzie, ) | Declaration |
| Plaintiff, ) | |
| Vs. ) | No. 1:00-CV-02159 |
| Kenneth Kyler, et al., ) | |
| Defendants, ) | |

**Declaration under Penalty of Perjury**

And now comes the plaintiff, Jeffrie McKinzie, Pro-se, and files this Declaration under the penalty of perjury to support the complaint, who hereby declares the following:

In March of 1999, while at the State Correctional Institution at Huntingdon, Pennsylvania, and while performing my job of shoveling snow on the general labor crew, I was injured and this injury was later diagnosed as a left inguinal hernia.

I don't remember the exact date of the injury, but I started to have a dull burning sensation in my lower left groin area. At first, I thought that I had strained a muscle, so I thought the pain would go away in a week or so.

In May, when the pain didn't go away, I signed up for sick call because I noticed a bulging lump sticking out of my left groin area. I talked to the nurse who was doing sick call, I cannot remember her name, and informed her that I might I thought that I had a hernia. She asked me why I thought that. I then told her about the pain and about the bulge I had on my groin area. She referred me to see the Physicians Assistant, Mr. Cain (not sure of proper

-1-

spelling). He examined me the same day and told me that I had an inguinal hernia. I then asked him how I have the hernia repaired. He told me that surgery was the only way to repair it, but this hernia didn't require surgery because it was easily reducible.

I then signed up for sick call on the dates stated in paragraph 4 of the complaint, and told them about the pain, suffering, inability to work, restricted activity, and my anxiety over the possibility that the hernia would become incarcerated or strangulated.. On all these visits, they told me that surgery was not required because the hernia was easily reducible. They further told me to return to sick call if the hernia became incarcerated or strangulated.

There were no sick call visits between May and December because I felt it would be futile to return, so I suffered my pain in silence because they wouldn't fix it.

But in December, the pain became so unbearable that I returned to sick call and started the process over again. I was told the exact same thing every time, that the hernia would not be fixed until it became incarcerated or strangulated.

On January 13, 2000, I was examined by Defendant Reiners, a surgeon, and was advised that there was no incarceration of the hernia and it reduced easily. He then advised me of the signs and symptoms of hernia incarceration and the need for prompt reporting if they occur.

He also informed me that the hernia should be taken care of, and that being that I was incarcerated, the medical care contractor would not pay for the surgery until the hernia became incarcerated or strangulated because hernia surgery was elective up until the hernia became incarcerated or strangulated, when it became necessary surgery and they would pay for it then.

I further incorporate paragraphs 1 through 23 of the

-2-

complaint as added to this declaration.

There is almost a two year delay in fixing this condition, during which time the defendants were aware of my pain, suffering, inability to work, restricted activity, and my anxiety over the possibility of incarceration or strangulation. The defendant knew that surgery would have alleviated all of the problems. They knew that surgery was the standard for the repair of a hernia. The defendants made a clear choice to delay and deny the surgery despite knowing all of the problems that the plaintiff was experiencing.

I hereby declare under the penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief. Any false statements contained herein are subject to the penalty for perjury.

Respectfully Submitted,

By _Jeffrie S. McKinzie_
Jeffrie McKinzie   Pro-se

Signed this 2nd day of January, 2001, under the penalty of perjury.

Respectfully Submitted,

By _Jeffrie S. McKinzie_
Jeffrie McKinzie   Pro-se

-3-

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite cases or statutes.)

1. Award Compensatory Damages jointly and severally against all defendants in their individual capacity.

2. Award Punitive damages jointly and severally against all defendants in their individual capacity.

3. Award costs of litigation and attorney's fees jointly and severally against all defendants in their individual capacity.

Signed this 2nd day of January, 2001

_____
(Signature of Plaintiff) Jeffrie S. Mckazie

I declare under penalty of perjury that the foregoing is true and correct.

01/02/01
(Date)

_____
(Signature of Plaintiff) Jeffrie S. Mckazie

3

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

### COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

*******************************************************************

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.

*******************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. _____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court. Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees.   X   

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

From the desk of Jeffrie McKinzie

To: Clerk of Courts

From: Jeffrie McKinzie DN-6325

Re: Amended Complaint

Date: Tuesday January 2, 2001

CV-00-2159

Attention Clerk of Courts:

Please find enclosed five copies of the amended complaint that I want to replace the original complaint.

The main changes in this amended complaint is that I dropped two defendants, and added some relevant factual information.

Please file this amended complaint pursuant to Rule 15 of the Federal Rules of Civil procedure.

I thank you for your time in this matter, and I look forward to your response.

Sincerely Yours,

PRSLC Quinn

By _Jeffrie S. McKinzie_
Jeffrie McKinzie   DN-6325