*seal*

9
1/18/01
4sm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFRIE McKINZIE,              :
                               :
        Plaintiff              :
                               :
    v.                         :    CIVIL NO. 1:CV-00-2159
                               :
KENNETH KYLER, ET AL.,         :    (Judge Caldwell)
                               :
        Defendants             :

M E M O R A N D U M

FILED
HARRISBURG, PA

JAN 17 2001

MARY E. D'ANDREA, CLERK
PER _____
        DEPUTY CLERK

I.      Introduction.

On December 13, 2000, Jeffrie McKinzie, an inmate at the State Correctional Institution at Waynesburg, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Before service of the original complaint, McKinzie filed an amended complaint.[1] The amended complaint makes a claim under the Eighth Amendment for inadequate medical care for an inguinal hernia while the Plaintiff was confined at the State Correctional Institution at Huntingdon (SCI-Huntingdon). McKinzie names the following SCI-Huntingdon employees as defendants: Kenneth Kyler,

---

[1] A party may amend his or her pleading once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). Because plaintiff submitted an amended complaint prior to service of his original complaint, the amended complaint will stand as the complaint in this action.

Certified from the record
Date 1-17-01
Mary E. D'Andrea, Clerk

Superintendent; A. Scott Williamson, Deputy Superintendent; Patricia Yarger, Grievance Coordinator; and Charles Reiner, Prison Doctor. The amended complaint seeks compensatory and punitive damages.

Along with his complaint, plaintiff applied for in forma pauperis status.[2] He has also filed a motion for appointment of counsel. (Doc. 7).

Under the authority granted by 42 U.S.C. § 1997e(a), we will dismiss this action without prejudice for failure to exhaust available administrative remedies. The pending motion for appointment of counsel will be denied as moot.

II.   Background

The complaint alleges the following. On May 17, 1999, the Plaintiff was injured on his prison job. Defendant Reiner diagnosed him as having suffered "a left inguinal hernia that was easily reducible." (Doc. 8 at ¶ 1). Reiner decided that surgery was not required at that point and told the Plaintiff to return to sick call if the hernia became incarcerated or strangulated. The Plaintiff continued to suffer pain from the hernia and anxiety

---

[2] McKinzie completed this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the deduction of the full filing fee from plaintiff's prison trust fund account.

2

about it, but the Defendants denied his requests for surgery. On July 12, 2000, McKinzie was transferred to SCI-Waynesburg, and the staff at that prison decided that surgery was necessary. On October 17, 2000, the surgery was performed, giving the Plaintiff relief from his symptoms.

By way of an administrative regulation, captioned "DC-ADM 804," the Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System. With certain exceptions not applicable here, DC-ADM 804 in Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager or Community Corrections Regional Director; and a final written appeal may be presented to the Chief Hearing Examiner.

Effective May 1, 1998, DC-ADM 804 was amended to provide that a prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." (DC-ADM 804-4, issued April 29, 1998).

Further, while the amendment requires that the "[g]rievances must be submitted for initial review to the Facility/Regional Grievance Coordinator within fifteen (15) days

3

after the events upon which the claims are based," it allows for extensions of time for good cause, which "will normally be granted if the events complained of would state a claim of a violation of a federal right." Id.

The Plaintiff avers he filed a grievance on February 19, 2000, and that on February 25, 2000, defendant Yarger, acting as grievance officer, denied it. He does not allege he pursued the matter further by filing an appeal to the Facility Manager or to the Community Corrections Regional Director, and then a final appeal to the Chief Hearing Examiner.

III.   Discussion

In regard to exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, prisoners are required to exhaust available administrative remedies for claims about prison conditions before seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.

The Plaintiff claims that the Defendants failed to provide him with proper medical treatment. This is a complaint

4

about a prison condition and hence subject to section 1997e's requirement of exhaustion of administrative remedies. See <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000)(claim based on excessive force is a claim about conditions of confinement under section 1997e(a)), <u>cert. granted</u>, 121 S.Ct. 377, (U.S. Oct. 30, 2000) (No. 99-1964).

The Plaintiff, however, has failed to exhaust his administrative remedies. As noted, he alleges he filed a grievance about this matter on February 19, 2000, which defendant Yarger denied, but he does not aver he pursued the matter any further by filing an appeal to the Facility Manager or to the Community Corrections Regional Director, and then a final appeal to the Chief Hearing Examiner.

Thus, plaintiff's apparent failure to comply with 42 U.S.C. § 1997e(a) warrants the dismissal of his complaint, but without prejudice. See <u>Stewart v. Hands</u>, Civil No. 00-0245 (M.D. Pa. April 17, 2000) (Caldwell, J.); <u>Williams v. Chesney</u>, Civil Action No. 99-2203 (M.D. Pa. April 17, 2000) (Kane, J.); <u>Pew v. Imschweiler</u>, Civil Action No. 96-0760 (M.D. Pa. Sept. 12, 1996) (Kosik, J.); <u>Johnson v. Gillis</u>, Civil Action No. 96-1569 (M.D. Pa. Aug. 29, 1996) (Conaboy, J.); <u>Lubawski v. Horn</u>, Civil Action No. 96-1371 (M.D. Pa. July 29, 1996) (Rambo, C.J.); <u>Brooks v.</u>

<u>Superintendent Lunk of Div. 10</u>, 1996 WL 308268 (N.D. Ill. June 5, 1996).

    An appropriate order will be entered.

                                      /s/ William W. Caldwell
                                      WILLIAM W. CALDWELL
                                      United States District Judge

Date: January 17, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFRIE McKINZIE, :
:
    Plaintiff :
:
v. : CIVIL NO. 1:CV-00-2159
:
KENNETH KYLER, ET AL., : (Judge Caldwell)
:
    Defendants :

FILED
HARRISBURG, PA

JAN 1 7 2001

MARY E. D'ANDREA, CLERK
PER_____
    DEPUTY CLERK

O R D E R

    AND NOW, this 17th day of January, 2001, it is ordered that:

    1. The amended complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997 e(a) for failure to exhaust administrative remedies.

    2. Plaintiff's motion for appointment of counsel is denied as moot. (Doc. 7).

    3. The Clerk of Court is directed to close this case.

    4. Any appeal from this order would not be taken in good faith.

                        /s/ William W. Caldwell
                        WILLIAM W. CALDWELL
                        United States District Judge

```
               UNITED STATES DISTRICT COURT
                        FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

             * * MAILING CERTIFICATE OF CLERK * *

                      January 17, 2001
```

Re:  1:00-cv-02159    McKinzie v. Kyler

True and correct copies of the attached were mailed by the clerk to the following:

```
    Jeffrie McKinzie
    SCI-WAYNESBURG
    DN-6325
    375 Prison Road
    Waynesburg, PA   15370
```

```
cc:
Judge                          (✓)
Magistrate Judge               ( )
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  (✓)
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )    PA Atty Gen  ( )
                                        DA of County ( )    Respondents  ( )
Bankruptcy Court               ( )
Other   PTSLC                  (—)
        Quipt
```

MARY E. D'ANDREA, Clerk

DATE:  1-17-01                        BY: _____
                                          Deputy Clerk