JUDGE'S COPY

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFRIE McKINZIE,          :
      Plaintiff         :
                           :
      VS.                 :  CIVIL NO. 1:CV-00-2159
                           :
KENNETH KYLER, ET AL.,   :  (JUDGE CALDWELL)
      Defendants      :

FILED
HARRISBURG, PA
JAN 3 0 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## MOTION FOR RECONSIDERATION

On December 13, 2000, Jeffrie McKinzie, (Plaintiff), an inmate at the State Correctional Institution at Waynesburg, Pennsylvania, filed a pro se civil rights action pursuant to 42 U.S.C. §1983. And, Plaintiff amended his complaint pursuant to Fed. R. Civ. P. 15(a). Plaintiff's action was brought for inadequate medical care for an inguinal hernia while he was confined at the State Correctional Institution at Huntingdon.

On the 17th day of January, 2001, the Honorable Judge Caldwell dismissed the complaint without prejudice for failure to exhaust available administrative remedies. (See Order attached and marked as Exhibit "1a"). Hence, Plaintiff respectfully requests that this Honorable Court reconsider the dismissal for failure to exhaust administrative remedies, and in support thereof states the following:

While Plaintiff was incarcerated at S.C.I. Huntingdon he was

1.

injured while working on his prison job. The injury was later
diagnosed as a left inguinal hernia, Plaintiff asserted that
surgery was needed, but his requests were all denied by the
medical staff. Plaintiff started his Grievance Complaint.

It is at this point, whether Plaintiff made a good faith
attempt to exhaust administrative remedies <u>as are available</u>, and
whether this Honorable Court upon reviewing exhibits will agree,
that is, a good faith attempt was made that will satisfy 42 U.S.C.
§ 1997e(a).

Please see request Marked as Exhibit "1b". Plaintiff then
took the first step in his inmate grievance, (Please see Exhibit
"1c" dated 2/19/2000), and the response by the grievance
coordinator dated 2/23/2000, (attached as Exhibit "1d").

Plaintiff, at that time, believed the next step in the
grievance process was to address the matter to the Office of the
Chief Hearing Examiner, Central Office at Camp Hill. (Please
see Exhibit "1e" dated 3/1/2000, and response dated 3/9/2000,
Exhibit "1f".) Once Plaintiff received the Hearing Examiner's
report, (Plaintiff received the report on 3/21/2000, 12 days after
the decision), he filed his appeal to Superintendent, Kyler. (See
Exhibit "1g"). However, in response, the Superintendent rejected
plaintiffs request for reconsideration in regard to the grievance
appeal. (Please see Exhibit "1h").

2.

Again, Plaintiff wrote requests to staff members at S.C.I. Huntingdon, (See Exhibits "1i-1l"). Plaintiff again, filed a second Grievance Complaint to the grievance coordinator Ms. Baney, (Please see Exhibit "1m"), this time the response stated in short: "..The institution will not process an additional grievance in regard to this matter unless you have relatively new information to submit to support your claims." (Please see Exhibit "1n & 1o").

Nonetheless, Plaintiff appealed the grievance coordinator's (May 23, 2000), decision to the Superintendent. (See Exhibit "1p-1q").

However, Plaintiff never received any response from Mr. Kyler. Furthermore, shortly thereafter, Plaintiff was transferred from S.C.I. Huntingdon to S.C.I. Waynesburg, where he filed several requests to the Medical Department. (Please see Exhibit 1r-1t). While at S.C.I. Waynesburg surgery was prescribed, and eventually performed on October 17, 2000.

Plaintiff respectfully requests that this Honorable Court Reconsider the dismissal of the complaint pursuant to 42 U.S.C. § 1997 e(a), Plaintiff asserts that he Exhausted All Administrative Remedies that were available to him, but because of his transfer, (to S.C.I. Waynesburg), all other remedies at S.C.I. Huntingdon, became unavailable and therefore could not have been Exhausted.

3.

Plaintiff prays that this Honorable Court will review the exhibits and note the good faith attempt by Plaintiff to pursue all available administrative remedies. Further, Plaintiff prays that this Honorable Court will reverse its Order and hold that plaintiff has exhausted all available remedies, so he will pray.

Signed this __25__ , day of __January__ , 2001.

(L.R. 7.10)

Respectfully    submitted,

_Jaffie G. McBgie_

4.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEFFRIE McKINZIE,                           :
                                            :
            Plaintiff                       :
                                            :
      v.                                    :    CIVIL NO. 1:CV-00-2159
                                            :
KENNETH KYLER, ET AL.,                      :    (Judge Caldwell)        FILED
                                            :                        HARRISBURG, PA
            Defendants                      :
                                                                   JAN 1 7 2001

                                                              MARY E. D'ANDREA, CLERK
                         O R D E R                            PER_____
                                                                      DEPUTY CLERK

            AND NOW, this 17th day of January, 2001, it is ordered
that:

      1.  The amended complaint is dismissed without
prejudice, pursuant to 42 U.S.C. § 1997 e(a) for failure
to exhaust administrative remedies.

      2.  Plaintiff's motion for appointment of counsel
is denied as moot. (Doc. 7).

      3.  The Clerk of Court is directed to close this
case.

      4.  Any appeal from this order would not be taken
in good faith.

                                    _____
                                    WILLIAM W. CALDWELL
                                    United States District Judge


                                             Exhibit "1a"

3004

DC-135A

(FA)

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| | | |
|---|---|---|
| . TO: (NAME AND TITLE OF OFFICER)<br>Ms. Patty Yarger | | 2. DATE<br>01-18-2000 |
| . BY: (INSTITUTIONAL NAME AND NUMBER)<br>Jeffrie S. Mckinzie--DN-6325 | | 4. COUNSELOR'S NAME<br>Ms. Haldeman |
| . WORK ASSIGNMENT<br>Library | 6. QUARTERS ASSIGNMENT<br>FA-3004 | |

. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

On Thursday, January 13, 2000, Dr. Reiner examined my hernia and informed me it should be taken care of. However, since I'm incarcerated, (condition sustained while incarcerated), the medical care contractor will not pay for the surgery.

As I told Dr. Reiner, it causes me severe pain, discomfort and restricts my activities and causes me anxiety because of the possibility that it may become strangulated or worse.

I wish to know wheather this is policy of the institution and the medical care contractor to refuse surgery, notwithstanding the pain I'm experiancing with it and other associated problems.

Also, I would request under the circumstances my care be reconsidered.

Thank you--Jeffrie S. McKinzie--DN-6325

. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr McKinzie
    Medical records indicate Dr Reiner saw you 1/13/00 and discussed your hernia. There is no order for, nor is there a denial letter for hernia repair. Dr Reiner did not submit any such request. In many cases hernias are not repaired unless they become strangulated. Dr Reiners documents yours is easily reducable. Please repat to medical if the status of the hernia changes.
    There is no policy to deny medically needed treatment. It is our mission along with the contractors to provide such care.
    I can find no record that a previous request was received in medical. I hope this answers your questions.

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| | |
|---|---|
| STAFF MEMBER<br>*PEEunkartius* | DATE<br>2-17-00 |

**DC-804**
**PART 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

**OFFICIAL INMATE GRIEVANCE**

GRIEVANCE NO. | 0035-00

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
| Ms. Baney | SCI-Huntingdon | 02/19/00 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
| Jeffrie S. McKinzie—DN-6325 | Jeannie S. McKinzie DN-6325 |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
| Library | FA-3004 |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

This is a complaint regarding the medical departments deliberate indifference to my serious medical needs, by the medical departments policy of refusing surgery for my hernia, until it becomes strangulated.

Eventhough, it causes me severe pain, discomfort, restricts my activities, and causes anxiety, because of the possibility that it may become strangulated or worse.

B. Actions taken and staff you have contacted before submitting this grievance:

See the attached request slip dated 1-18-00 to Ms. Patty Yarger and answered on on 2-17-00 by PE Everhart. Thereafter, on 2-18-00 at sick call, I was informed by the PA, to take Tylenal for the pain.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

*Signature of Grievance Coordinator*          Exhibit "1c"          2-23-00   Date

**WHITE**—Grievance Coordinator Copy   **CANARY**—File Copy   **PINK**—Action Return Copy   **GOLDENROD**—Inmate Copy

RCVd α-αч-00 8.50 pm

DC-804
PART II

## COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
### P.O. BOX 598
### CAMP HILL, PA  17001

| OFFICIAL INMATE GRIEVANCE<br>INITIAL REVIEW RESPONSE | GRIEVANCE NO. | 0035-00 |
| --- | --- | --- |

| To:  (Name & DC NO.)<br>DN-6325, McKinzie Jeffrie | INSTITUTION<br>SCI-Huntingdon | QUARTERS<br>FA Block | GRIEVANCE DATE<br>2-19-00 |
| --- | --- | --- | --- |

The following is a summary of my findings regarding your grievance:

Your grievance in which you complain that the medical department is denying you surgery for your hernia until is becomes strangulated has been reviewed.

Chart review indicates you were seen by Dr. Reiners 1-13-00 at that time you were diagnosed with a left Hiatal Hernia. Dr. Reiners note that the hernia reduced easily and that he discussed incarceration and the sign and symptoms of incarceration with you. He also, discussed the need for prompt attention if the hernia incarcerates. He documents that you were understanding of this direction and cooperative. The is no order for consultation for surgery. There is no indication that a surgical consult was completed by Dr. Reiners and there is no letter of denial stating that you have been refused any surgical intervention for hernia repair.

It is further noted that you were seen 2-18-00 by PAC Mills. At that time you had questions about your hernia. You explained that you felt you had been referred for surgery. Mrs. Mills outlines that Dr. Reiners did not indicate that this would be happening. You were educated again about hernias. You voiced a understanding of what she was telling you. She informed you that surgical repair is not always indicated and that you were to return if there were any signs and symptoms of incarceration or if the hernia increases in size. She does not note that you had any questions or concerns other than about the referral.

Medical staff has identified the fact that you do have a hernia. However, Dr. Reiners a surgeon has not determined that it is medically necessary for a consultation to even consider hernia repair at this time. There is no opposition to surgery if it is needed and we are not as you alleged deliberate indifference to any of your medical needs.

PAY/cv

Cc:  Deputy Williamson
    Deputy Patrick
    D. Baney
    Nurse Supervisor
    C. Pollock
    Dr. Reiners
    PAC Mills
    DC-15
    File

| *Pat Yeager* | SIGNATURE OF GRIEVANCE<br>COORDINATOR | DATE  2-25-00 |
| --- | --- | --- |

Jeffrie S. McKinzie
DN-6325
SCI-Huntingdon
1100 Pike Street
Huntingdon, PA 16654-1112

PA Department of Corrections
Central Office
Medical Review Committee
P.O. Box 598/ 2520 Lisburn RD
Camp Hill, PA 17001-0598

March 1, 2000

RE: <u>Appeal Medical Treatment Issue- Grievance No. 0035-00</u>

Dear Medical Review Committee,

Please accept the following as my appeal from the initial response dated
02-25-00, relative to grievance No. Hun. 0035-00., as follows:

Medical staff member Yarger, in response to my grievance, failed to address
my grievance as specifically stated.  My complaint is based on the medical
departments policy of refusing surgery for my hernia until, it becomes
strangulated.  This policy is deliberate indifferent to my serious medical
needs, because my individual circumstances are not taken into consideration
that it causes me severe pain, discomfort, restricts my activity and
causes me anxiety because of the possibility it may become strangulated,
or worse.

The fact Dr. Reiner and PAC Mills fail to detail within my medical file
the seriousness of my condition and severity of pain experianced there
with, and order appropriate treatment is selfserving because they have
financial incentives to undertreat my medical condition.

In conclusion, I would incorporate by reference my complaint to Ms. Yarger
which is enclosed, and request independent review by the DOC Medical
Review Committee and respectfully request the decision to refuse surgery
for my hernia be reversed and surgery be provided forthwith to alleviate
my pain and suffering.

Respectfully Submitted,


Jeffrie S. McKinzie
DN-6325

with enclosures

Exhibit "1e"



# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
Office of the Chief Hearing Examiner
1451 North Market Street
Elizabethtown, PA 17022

*3004*

**INMATE NAME:** *JEFFRIE McKINZIE*     **INMATE #:** *DN6325*

**INSTITUTION:** *HUNTINGDON*        *HUN-0035-00*
_____ Grievance/Misconduct Number, if relevant

**FROM:** Robert S. Bitner
Chief Hearing Examiner        **DATE:** *3-9-00*

This is to acknowledge receipt of your letter to the Central Office. Upon review of the issue(s) you raise, I am filing your letter without action for the following reason(s):

1. _____ You have not utilized the official inmate grievance system as outlined in DC-ADM 804 in your inmate handbook.

2. _____ You need to include the official identification number of the misconduct / grievance.

3. _____ You need to identify the specific publication(s) you are appealing.

4. XX According to ~~institution records,~~ *YOUR LETTER* you have not completed appeal to the Superintendent.

5. _____ Your claim to have appealed to the Superintendent without response does not entitle you to direct appeal to final review. Contact the Superintendent's office to ensure they received your appeal.

6. XX The COMRC has been abolished per DC-ADM 804-1, effective May 20, 1996. The next step in the appeal process of your medical grievance is to send your appeal to the Superintendent.

7. _____ Your appeal to final review is unacceptably untimely.

8. _____ Staff responses, including the Superintendent, to inmate request slips are not appealable to Central Office.

9. _____ Your initial confinement to Administrative Custody may be appealed through final review in accordance with DC-ADM 802. Pursuant to DC-ADM 802-3, c, **there is no appeal beyond the Superintendent of a thirty (30) day review before the Program Review Committee.**

10. _____ Your Administrative transfer to another institution is not appealable to Central Office.

11. _____ This office has no prior record of receipt of an appeal from you on this issue.

12. _____ You have already received **final** review of this issue.

**ADDITIONAL COMMENTS:**

*orig*

| DC-135A | **COMMONWEALTH OF PENNSYLVANIA** |
|---|---|
| | **DEPARTMENT OF CORRECTIONS** |
| **INMATE'S REQUEST TO STAFF MEMBER** | INSTRUCTIONS |
| | *Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.* |

| 1. TO: (NAME AND TITLE OF OFFICER) Superintendent, Kyler | | 2. DATE 03-22-2000 |
|---|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Jeffrie S. McKinzie-- DN-6325 | | 4. COUNSELOR'S NAME Ms. Haldeman |
| 5. WORK ASSIGNMENT Library | 6. QUARTERS ASSIGNMENT FA-Block 3004 | |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

    Please accept this appeal from the initial response dated, 02-25-2000, relative to grievance No. Hun. 0035-00.

    I apologize for sending my initial appeal response to the Central Office dated, 03-01-2000.  Under DC-Adm 804-1, which I did not know was repealed, since the matter of medical grievances are no longer directly appealed to the Central Office.

    My appeal was timely filed and subsequently returned to me and received in my cell yesterday, March 21, 2000.  Although, dated March 9, 2000.  See attached.

    I would incorporate by reference my March 1, 2000 appeal to the Central Office as my appeal to your office and respectfully request appropriate redress.

                              Thank You

                             Jeffrie S. McKinzie

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY                      ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

Exhibit "1g"

3007

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution at Huntingdon**
(814)643-2400
March 29, 2000

**SUBJECT:**  Appeal of Inmate Grievance #HUN-0035-00

**TO:**  Jeffrey McKinzie, DN-6325
FA Block

**FROM:**

Kenneth D. Kyler
Superintendent

In reviewing your request for reconsideration in regard to your appeal of grievance #0035-00, I note that the Chief Hearing Examiner responded to your request for initial appeal on 3/9/00. However, you submit an initial appeal to this office dated 3/22/00 which was not received until 3/27/00. Therefore, I find that this matter has become extremely untimely. Had you submitted your appeal within the close proximity of 3/9/00, your appeal would have been accepted and processed. However, I can only reiterate that this matter has become extremely untimely at this point and therefore your request for further review at this level is denied.

KDK:tll

cc:      Deputies
        Mrs. D. Baney
        Mrs. P. Yarger
        Ms. H. Haldeman
        DC-15
        File

Exhibit "1h"

DC-135A

(FA)

3009

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

1. TO: (NAME AND TITLE OF OFFICER)
Superintendent, Kyler

2. DATE
04-12-2000

3. BY: (INSTITUTIONAL NAME AND NUMBER)
Jeffrie S. McKinzie-- DN-6325

4. COUNSELOR'S NAME
Ms. Haldeman

5. WORK ASSIGNMENT
Library

6. QUARTERS ASSIGNMENT
FA-Block, 3004

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

I am writing you this request slip, in regards to the Medical Department's Deliberate Indifference to my serious medical needs, by refusing me surgery to repair my Inguinal Hernia, that I sustained here at SCI-Huntingdon, on a work detail, shovelling snow last year.

The medical department has ignored the fact that I am in severe pain and that this Hernia could become worse, by becoming strangulated, which can cause death.  This is a serious medical problem.  I am in severe pain and the only way to alleviate this pain is to have the hernia repaired by surgery.

I am asking you, if you can please investigate my claim and see about getting me the surgery that I need.

Thank you,

Jeffrie S. McKinzie--Dn-6325

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr McKinzie,
You were seen 5/17/99, 5/20/99, 5/25/99, 12/29/99, 1/13/00, and 4/8/00 regarding your C/O bulging or discomfort. On 1/13/00 Dr Parkers, a surgeon, advised you there was no incarceration of the hernia, it reduced easily @ your 12/29/00 visit. He notes on 1/13/00 he advised you of signs + symptoms of hernia incarceration and need for prompt reporting if any occur. You voiced an understanding. He did not recommend surgical intervention. This was explained to you on 4/8/00 by Ms Mills. She explained not all hernias require surgical repair and you were instructed to return to sick call for signs/symptoms of incarceration or an increase in the size of the hernia bulge. There have been no sick call visits since. If you require medical attention please access it thru sick call.

□ TO DC-14 CAR ONLY          □ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER

DATE 4-21-00

Exhibit "11"

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
State Correctional Institution at Huntingdon
(814)643-2400

DATE: _4-14-00_

3004

SUBJECT:    Inmate Request Slip

TO:    _Jeffrie McKinzie_    _ON-6325_    _F_
       Inmate Name    D.C. #    Unit

FROM:    Kenneth D. Kyler
         Superintendent

I have received your inmate request slip and have the following response.

___✓___ Referred to appropriate staff member _MrB. P. Yarger_

Additionally, I have the following comments: _____
_____
_____

Thank you for this inquiry. I hope this has assisted with resolving the issue in question.
**Superintendent's Office to be provided a copy of staff's response.**

cc:    Counselor _H. Haldeman_
       File
       _Deputy Williamsen_

ILVd, S a1-00

3004

| DC-135A | | |
|---|---|---|
| X<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | **COMMONWEALTH OF PENNSYLVANIA**<br>**DEPARTMENT OF CORRECTIONS**<br><br>INSTRUCTIONS<br><br>*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.* | |

| 1. TO: (NAME AND TITLE OF OFFICER) Deputy Williamson | | 2. DATE 5-18-00 |
|---|---|---|
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Jeffrie S. McKinzie   DN-6325 | | 4. COUNSELOR'S NAME MS Haldeman |
| 5. WORK ASSIGNMENT Library | 6. QUARTERS ASSIGNMENT FA 3004 | |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

On May 3, 2000, I filed a grievance against the medical department and to the present date, I have not gotten a response. I have not even received the pink page back to me. Would you please investigate.

Thank you,

Jeffrie S. McKinzie

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

Mr. McKinzie

a response regarding your medical concern was sent to you on 5-4-00

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER   DSCS | DATE 5-23-00 |
|---|---|

Exhibit "1b"

RCV 2. 5-30

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

1. TO: (NAME AND TITLE OF OFFICER)
Deputy Williamson

2. DATE
5-25-00

3. BY: (INSTITUTIONAL NAME AND NUMBER)
Jeffrie S. McKinzie    DN-6325

4. COUNSELOR'S NAME
Ms. Haldeman

5. WORK ASSIGNMENT
Library

6. QUARTERS ASSIGNMENT
FA 3004

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

According to your response dated 5-23-00, you stated that a response regarding my medical concern was sent to me on 5-4-00. I never received anything. would you please provide me with a copy of it? Thank you.

Jeffrie S. McKinzie
DN-6325

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

5/26/00

Heather
would you please send a copy of P. Everhart's response to McKinzie dated 5-4-00.

Thank you
Williamson

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER

DATE

Exhibit "11"

DC-804
PART 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA. 17001-0598**

**OFFICIAL INMATE GRIEVANCE**                    GRIEVANCE NO.

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Ms. Baney | Huntingdon | 05/02/200 |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| Jeffrie S. McKinzie, DN-6325 | *Jeffrie S. McKinzie, DN-6325* |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| Library | FA 3004 |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Brief, clear statement of grievance:

This is a complaint regarding the medical departments deliberate indifference to my serious medical needs, by the medical departments policy of refusing surgery to repair my Inguinal Hernia until it becomes strangulated eventhough, it causes me severe pain, discomfort, restricts my activities, and causes me anxiety because of the possibility it may become strangulated or worse.

This is my second complaint regarding this medical problem and I must file another complaint to exhaust my remedies to pursue further action.

B. Actions taken and staff you have contacted before submitting this grievance:

See the attached request slips.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                                    _____
Signature of Grievance Coordinator              Exhibit "1m"        Date

RCVd. 6-6-00

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution at Huntingdon**
(814)643-2400
May 23, 2000

**SUBJECT:**    Consolidated Inmate Grievance
Review System

**TO:**    Jeffrie McKinzie, DN-6325
FA Unit

**FROM:**    *[signature]*
Diana G. Baney
Grievance Coordinator

I am returning your grievance because you have not complied with the following provision(s) of DC-ADM 804, dated October 20, 1994, Consolidated Inmate Grievance Review System:

_____    All grievances shall be in writing and in the format provided by the forms supplied by the institution (DC-804, Part I). Forms are available in the block. (Section VI., A, 1)

_____    All grievances shall be presented individually. Group grievances are prohibited. (Section VI., A, 2)

_____    Only an inmate who has been personally affected by a Department or institution action or policy shall be permitted to seek review of a grievance. (Section VI., A, 3)

__X__    All grievances must be presented in good faith. They shall include a brief statement of the facts relevant to the claim. The text of the grievance must be legible and presented in a courteous manner. (Section VI., A, 4)

_____    Grievances based upon different events should be presented separately, unless it is necessary to combine the issues to support the claim. (Section VI, A, 5)

_____    Grievances must be signed. (Section VI., A, 3)

_____    Any inmate grievance may be addressed to the Inmate Grievance Coordinator except issues related to the following: (Section VI., E)

1.    DC-ADM 805 - Policy & Procedures for Obtaining Pre-Release Transfer.

2.    DC-ADM 801 - Inmate Disciplinary and Restricted Housing Unit Procedures. See DC-ADM 801 VI., G & I.

3.    DC-ADM 802 - Administrative Custody Procedures. See DC-ADM 802, VI., B, 1,2. Appeal from Initial Review, see DC-ADM 802, VI., B, 4, a.

Exhibit "1n"

4.    Other Kinds of issues for which review procedures have been previously established by administrative memorandum or policy statement.

Grievances related to the above issues shall be according to procedures specified in the directives listed and shall not be reviewed by the Inmate Grievance Coordinator.

_____    Initial reviews must be submitted within 15 calendar days after the events upon which claims are based.  (Section VI., B, 2)

_____    Block B must be completed, as per the Instruction #3 of the Official Inmate Grievance Form (DC-ADM 804, Part I).

Comments:

Mr. McKinzie:

In reviewing your grievance, I note that this matter has already been addressed in response to grievance # 0035-00.  Subsequently, the institution will not process an additional grievance in regard to this matter unless you have relatively new information to submit to support your claims.

DGB:tll

cc:    Mrs. P. Yarger
       DC-15
       File

DC-135A

**COMMONWEALTH OF PENNSYLVANIA**

DEPARTMENT OF CORRECTIONS

**INMATE'S REQUEST TO STAFF MEMBER**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Superintendent, Kyler | 2. DATE 06-08-2000 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Jeffrie S. McKinzie, DN-6325 | 4. COUNSELOR'S NAME Ms. Haldeman |
|---|---|

| 5. WORK ASSIGNMENT Library | 6. QUARTERS ASSIGNMENT FA 3004 |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

I wish to appeal the grievance coordinator's May 23,2000 decision received in my cell on June 6,2000, based on the following:

1) G.C. Baney refused to process my grievance dated May 2,2000,based on the matter has already been addressed in a previous grievance,#0035-00 and my alleged failure to provide new information to support my claims.

2) This matter involves an on-going serious medical problem and violation of my Constitutional Rights and the pain I experiance daily is only compounded by the medical departments refusal to provide the necessary treatment.

3) The response obtained by Mrs. P. Yarger to the original grievance I submitted in this matter,fails to detail the seriousness of my condition and the severity of pain therewith.

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

STAFF MEMBER                                                    DATE

DC-135A

INMATE'S REQUEST TO STAFF MEMBER

COMMONWEALTH OF PENNSYLVANIA

DEPARTMENT OF CORRECTIONS

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Superintendent, Kyler | 2. DATE 06-08-2000 |
| --- | --- |

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Jeffrie S. McKinzie, DN-6325 | 4. COUNSELOR'S NAME Ms. Haldeman |
| --- | --- |

| 5. WORK ASSIGNMENT Library | 6. QUARTERS ASSIGNMENT FA 3004 |
| --- | --- |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.  GIVE DETAILS.

Continued from previous page:

    4) In conclusion, I would incorporate by reference, my complaint to Mrs. Yarger, and my grievance and request independent review by the superintendent and that the decision to refuse surgery for my hernia be reversed and surgery be provided forthwith to alleviate my pain and suffering.

    Respectfully Submitted,

    Jeffrie S. McKinzie, DN-6325

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

☐ TO DC-14 CAR ONLY             ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
| --- | --- |

Exhibit "1q"

**DC-135A**

**INMATE'S REQUEST TO STAFF MEMBER**

**COMMONWEALTH OF PENNSYLVANIA**

**DEPARTMENT OF CORRECTIONS**

INSTRUCTIONS

*Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.*

| 1. TO: (NAME AND TITLE OF OFFICER) Mr. Tretinik, CHCA | 2. DATE 7-24-00 |
|---|---|

| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Jeffrie S. McKinzie, DN-6325 | 4. COUNSELOR'S NAME Ms. Nellson |
|---|---|

| 5. WORK ASSIGNMENT Block Worker | 6. QUARTERS ASSIGNMENT DB-01-02 |
|---|---|

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE. GIVE DETAILS.

I wish to know what the policy is at this institution for inguinal hernia repair. Today at sickcall, I was given 200MGS of Ibuprofen for pain and discomfort. This does not work, for a hernia, Ibuprofen is for headaches etc. Hernias require surgery to be properly repaired. My hernia causes me severe pain, discomfort, restricts my activities and causes me anxiety because of the possibility it may strangulate.

I wish to have this hernia repaired to alleviate my pain and suffering.
                    Thank You

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

I will schedule you with the MD to discuss this issue with him

☐ TO DC-14 CAR ONLY          ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER  Tretinik  CHCA | DATE 7/26/00 |
|---|---|

Exhibit "1r"

DC-135A

INMATE'S REQUEST TO STAFF MEMBER

RECEIVED
AUG 1 7 2000
SCI-WA

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
INSTRUCTIONS

Complete items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently.

| 1. TO: (NAME AND TITLE OF OFFICER) Mr. Tretinik, CHCA, Medical Department | 2. DATE 8-16-00 |
| 3. BY: (INSTITUTIONAL NAME AND NUMBER) Jeffrie S. McKinzie, DN-6325 | 4. COUNSELOR'S NAME Ms. Neilson |
| 5. WORK ASSIGNMENT Block worker | 6. QUARTERS ASSIGNMENT C-Block |

7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.

My hernia is still causing me pain and discomfort. The truss really does not help. Ibuprofen does not do anything at all for my pain. I have been suffering with this pain for over a year now. This is deliberate indifference to my serious medical needs, due to the fact of unnecessary infliction of pain, suffering, and anxiety I'm experiancing daily. This is an on-going serious medical problem and a violation of my constitutional rights and the pain I experiance daily is only compounded by the medical departments refusal to provide me with the necessary treatment. I'm asking for an independent review by you and that the decision to refuse surgery for my hernia be reversed and surgery be provided forthwith

8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)

If you are still having problems you need to utilize sick call. However, it is my understanding that you are lifting weights in excess of the weight restrictions the doctor ask you to maintain. If this is the case you are indulging in self-harm and may be charged for your medical treatment.

☐ TO DC-14 CAR ONLY        **R. Tretinik, CHCA**        ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER R. Tretinik CHCA | DATE 8/21/00 |

Exhibit "Is"

Page α

| DC-135A | COMMONWEALTH OF PENNSYLVANIA |
|---|---|
| | DEPARTMENT OF CORRECTIONS |
| **INMATE'S REQUEST TO STAFF MEMBER** | INSTRUCTIONS |
| | Complete Items Number 1-7. If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. |

**1. TO: (NAME AND TITLE OF OFFICER)** Mr. Tretinik, CHCA, medical Department

**2. DATE** 8-16-00

**3. BY: (INSTITUTIONAL NAME AND NUMBER)** Jeffrie S. McKinzie, DN-6325

**4. COUNSELOR'S NAME** Ms. Neilson

**5. WORK ASSIGNMENT** Block worker

**6. QUARTERS ASSIGNMENT** C-Block

**7. SUBJECT: STATE COMPLETELY BUT BRIEFLY THE PROBLEM ON WHICH YOU DESIRE ASSISTANCE.   GIVE DETAILS.**

to alleviate my pain and suffering. My injury happened while I was incarcerated and is job related. Therefor, the DOC is responsible for my medical care and treatment. I want the necessary surgery to repair my hernia before it worsens.

Thank You
Respectfully submitted,

Jeffrie S. McKinzie
DN-6325

**8. DISPOSITION: (DO NOT WRITE IN THIS SPACE)**

☐ TO DC-14 CAR ONLY                    ☐ TO DC-14 CAR AND DC-15 IRS

| STAFF MEMBER | DATE |
|---|---|

Exhibit "1t"